United States District Court
Southern District of Texas
**ENTERED**
September 21, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Jasmine Babineaux and Yolanda Frank-Broussard, §§§§§§§§§§§§§§§§§§ *Plaintiffs/ Counter-Defendants,* §§ v. §§ Wells Fargo Bank, N.A., as Trustee for the Mastr Asset Backed Securities Trust 2007 NCW Mortgage Pass-Through Certificates Series 2007-NCW, §§ *Defendant/ Counter-Plaintiffs.* | Case No. 4:23-cv-01563 |

## **MEMORANDUM AND RECOMMENDATION**

This is the latest of four federal suits challenging the foreclosure of the same property. On September 14, 2023, Plaintiffs Jasmine Babineaux and Yolanda Frank-Broussard, both *pro se*, filed a motion requesting a temporary restraining order ("TRO") and preliminary injunction. *See* Dkt. 38. The Court had set that motion to be heard on October 13, 2023, alongside the question of whether Plaintiffs should be barred from filing further suits concerning the property. *See* Dkt. 39 (September 15, 2023 order setting hearing); Dkt. 26 (August 29, 2023 show cause order).

On September 18, 2023, Plaintiffs filed a second motion for TRO and preliminary injunction in this suit. Dkt. 40. Because Plaintiffs styled this second motion as an emergency, the Court chooses to address their interrelated motions now and forgo the intended hearing on these issues.

As explained below, Plaintiffs have not met their burden to show that they are likely to succeed on the merits of their claims. Plaintiffs' motions for TRO and preliminary injunction (Dkt. 38, 40) should be denied.

## Background

Yolanda Frank-Broussard has filed multiple unsuccessful suits to challenge the foreclosure of the same property at 6111 Westover Street in Houston, Texas (the "Property"). Her attempts to delay the foreclosure process are detailed in the most recent of those decisions. *See Frank v. Wells Fargo Bank, N.A. as Trustee for the Mastr Asset Backed Secs. Trust 2007-NCE Mortgage Pass-Through Certificates Series 2007-NCW*, No. 4:22-cv-00065, 2023 WL 4880785, at *1-3 (S.D. Tex. July 21, 2023), *adopted by* 2023 WL 5279464 (S.D. Tex. Aug. 16, 2023) (hereinafter the "2022 Suit").

As concluded in the 2022 Suit, *see id.*, Frank-Broussard's claims either failed on summary judgment or were barred because they were litigated and resolved in her two prior suits: *Frank v. Specialized Loan Servicing, LLC*, No. 4:18-cv-02415, 2020 WL 3473716, at *3-4 (S.D. Tex. June 24, 2020) (the "2020 Suit") (dismissing suit with prejudice as barred by res judicata), and *Broussard*

2

*v. Specialized Loan Servicing, LLC*, No. 4:18-cv-02415, 2019 WL 13254589 (S.D. Tex. Apr. 18, 2019) (the "2018 Suit") (granting defendant's motion for judgment on the pleadings and invalidating Frank-Broussard's fraudulent filings in the real property records). In the 2022 Suit, the Court also granted the defendant's motion for monetary sanctions against Frank-Broussard for filing a frivolous suit. *See Frank*, 2023 WL 4880785, at *6-7. Final judgment was entered on August 29, 2023. *Frank*, No. 4:22-cv-00065, Dkt. 30.

While the 2022 Suit was pending, Frank-Broussard—this time joined by Jasmine Babineaux—filed this suit in state court. *See* Dkt. 2 at 6 (state-court petition, filed April 18, 2023). Defendant Wells Fargo Bank, N.A., as Trustee for the Mastr Asset Backed Securities Trust 2007-NCW Mortgage Pass-Through Certificates Series 2007-NCW ("Wells Fargo") timely removed the case to this Court based on diversity jurisdiction. Dkt. 1 ¶¶ 8-11 (invoking 28 U.S.C. § 1332). Wells Fargo subsequently filed a combined motion to dismiss and for sanctions, seeking a declaration that Plaintiffs are vexatious litigants and requesting a hearing. Dkt. 8. Although Wells Fargo mailed the motion to Frank-Broussard, she refused delivery. *See* Dkt. 9.

Wells Fargo sought leave to file counterclaims to invalidate documents that Plaintiffs had filed in the real property records. *See* Dkt. 15, 18. Plaintiffs did not respond. The Court granted Wells Fargo's requests. Dkt. 16, 32.

In the interim, the Court set a hearing for August 28, 2023 to address Wells Fargo's motion for sanctions, directing the United States Marshals to serve the notice on Plaintiffs. Dkt. 16. A Deputy U.S. Marshal attempted to effectuate service, but Plaintiffs stalled or otherwise avoided service. *See* Dkt. 19 (explaining that Frank-Broussard refused to meet with the Marshal, claiming a family emergency, despite his efforts to arrange a meeting during an August 23, 2023 phone call; Frank-Broussard indicated that Babineaux was also on the phone); Dkt. 20 (detailing efforts to serve Babineaux). In addition, Wells Fargo certified that it served Plaintiffs by mail with a copy of the notice of hearing. Dkt. 17 at 2; Fed. R. Civ. P. 5(b)(2)(C) (service properly effectuated by mailing to recipient's last known address).

The hearing proceeded on August 28, 2023. Plaintiffs did not appear. After the hearing, the Court issued an order directing Plaintiffs to show cause why the Court should not exercise its inherent authority to impose an injunction that would bar Plaintiffs from filing, whether in state or federal court, any further lawsuits concerning the foreclosure of the Property. Dkt. 26 at 2 (the "Show Cause Order"). The Show Cause Order provided Plaintiffs an opportunity to request a hearing, if desired. *See id.*

Plaintiffs dodged the U.S. Marshal's attempt to effectuate service of the Show Cause Order. *See* Dkt. 34, 35. Nonetheless, Plaintiffs responded with a series of filings evincing their awareness of that Order.

4

First, Plaintiffs filed a request for "judicial notice" accusing Wells Fargo's counsel, in conclusory terms, of preparing "fraudulent court documents" in this suit and in the prior federal suits. Dkt. 30 at 1-2 (filed Sept. 8, 2023). In equally conclusory fashion, Plaintiffs contend that Wells Fargo "is unrelated to" the Property. *Id.* at 2.

Second, Plaintiffs filed a response to the Show Cause Order, styled as an affidavit by Frank-Broussard, objecting globally to the "authenticity, validity, form, lawfulness of proceedings, etc." Dkt. 36 at 2 (filed Sept. 12, 2023). Plaintiffs' response alleges, without substantiation, that Wells Fargo is committing fraud (including by "forg[ing] Judges and Clerks signatures on alleged Judgements and Court Orders"); that Wells Fargo is not a lawful entity; that Wells Fargo's attorneys have no authority to represent their client; and that the Court lacks jurisdiction. *See id.* at 2-6. The remainder of the filing challenges the legality of Wells Fargo's attempts to foreclose. *See id.* at 6-7. Plaintiffs also requested a hearing. *Id.* at 3.

Frank-Broussard also filed a separate affidavit with a litany of stray allegations, including "Identity Theft," "deformation [sic] of character," "Deprivation of Civil Rights and Civil Liberties," "fraudulent, forged, unofficial Court Orders and Court Documents," theft, and claims of wrongdoing against numerous attorneys and judges in prior state and federal cases. Dkt. 37 at 1-3. She also accused Wells Fargo's current counsel, certain Assistant County

5

Attorneys, and the Harris County Constables, of conspiring to take the Property based on "forged" or "fraudulent" court documents. *Id.* at 4-7.

Third, on September 14, 2023, Plaintiffs filed a motion for TRO and preliminary injunction. *See* Dkt. 38. Because Plaintiffs had asked for a hearing on the sanctions issue, *see* Dkt. 36 at 3, the Court promptly issued an order setting a hearing for October 13, 2023 to resolve both the sanctions and TRO issues. Dkt. 39 (entered on September 15, 2023).

But a few days later, Plaintiffs filed another motion for TRO and preliminary injunction, this time styled as an emergency. Dkt. 40 (filed September 18, 2023). The Court therefore resolves the motions for TRO based on Plaintiffs' submissions, without a hearing.

## **Legal standard**

"The standards governing a request for a preliminary injunction and a temporary restraining order are the same." *United States v. Brooks*, No. B-99-378-001, 2006 WL 2323057, at *1 (S.D. Tex. Aug. 8, 2006). To obtain relief, a movant must show "(1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable harm absent the injunction, (3) that the harm she will suffer without the injunction outweighs the cost to comply with the injunction, and (4) that the injunction is in the public interest." *Harrison v. Young*, 48 F.4th 331, 339 (5th Cir. 2022) (citing *Jefferson Cmty. Health Care Ctrs., Inc. v. Jefferson Par. Gov't*, 849 F.3d 615, 624 (5th Cir. 2017)). Given the

6

extraordinary nature of the remedy, a movant must clearly carry her burden as to all four requirements. *See Guy Carpenter & Co. v. Provenzale*, 334 F.3d 459, 464 (5th Cir. 2003).

## Analysis

Plaintiffs' underlying claims allege improprieties in Wells Fargo's attempts to foreclose on the Property. *See* Dkt. 2 at 9-13. In seeking a TRO and preliminary injunction, Plaintiffs' motions include a bare assertion that they have a likelihood of succeeding on their claims, while requesting that the Court temporarily enjoin Wells Fargo from taking possession or otherwise disposing of the Property. *See* Dkt. 38 ¶¶ 24-25, 29; Dkt. 40 ¶¶ 24-25, 29. Wells Fargo has argued, however, that Plaintiffs are improperly attempting to relitigate claims they previously asserted and lost, warranting sanctions and an injunction prohibiting Plaintiffs from filing new suits that challenge foreclosure of the Property. *See* Dkt. 8.

Because the Court agrees that claim preclusion bars Plaintiffs' suit, Plaintiffs have no likelihood of succeeding on their claims. Indeed, that was the conclusion in the second of the three prior suits (specifically, the 2020 Suit), where Frank-Broussard similarly sought injunctive relief. *See Frank*, 2020 WL 3473716, at *3-4 (denying TRO and temporary injunction upon finding that claim preclusion barred the claims). Accordingly, Plaintiffs' requests for a restraining order and injunctive relief should be denied.

7

I. **Plaintiffs have no likelihood of succeeding on their claims, which are barred by claim preclusion.**

"Claim preclusion, or res judicata, bars the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Stevens v. St. Tammany Parish Gov't*, 17 F.4th 563, 570 (5th Cir. 2021). A subsequent suit is barred if: (1) the parties are the same "or at least [are] in privity with" the parties in a prior action; (2) the prior judgment was rendered by a court of competent jurisdiction; (3) the prior action concluded with a final judgment on the merits; and (4) the prior and current action involve the same claim or cause action. *See United States v. Shanbaum*, 10 F.3d 305, 310 (5th Cir. 1994). This rule "prevents a later suit ... from collaterally attacking a prior judgment by a court of competent jurisdiction." *Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 401 (5th Cir. 2009). "The res judicata effect of a prior judgment is a question of law ...." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005).

For the first requirement, the parties are identical to—or are at least in privity with—the parties in the 2018 Suit, 2020 Suit, and 2022 Suit. Frank-Broussard was a plaintiff in all three prior suits. *See Frank*, 2023 WL 4880785, at *1; *Frank*, 2020 WL 3473716, at *1; *Broussard*, 2019 WL 13254589, at *1. Babineaux, although newly added in this suit, allegedly acquired the Property from Dykeba Frank. *See* Dkt. 2 at 23 (DX-2 at 3). Dykeba Frank, in turn, was

8

a plaintiff in both the 2018 Suit and the 2022 Suit and allegedly purchased the Property from Frank-Broussard. *See Frank*, 2023 WL 4880785, at *1; *Broussard*, 2019 WL 13254589, at *1. Babineaux's claimed status as the successive owner of the Property makes her a party in privity with those prior plaintiffs. *See Meza v. Gen. Battery Corp.*, 908 F.2d 1262, 1266 (5th Cir. 1990) (noting that, for res judicata purposes, "privity exists ... where the non-party is the successor in interest to a party's interest in property").

In addition, Wells Fargo has a pre-existing relationship with the mortgage servicer who was the defendant in the 2018 and 2020 Suits. *See Frank*, 2023 WL 4880785, at *5 (holding that Wells Fargo, as assignee of the deed of trust, is in privity with the mortgage servicer, SLS); *see also, e.g.*, *Taylor v. Sturgell*, 553 U.S. 880, 894 (2008) ("[N]onparty preclusion may be justified based on a variety of pre-existing substantive legal relationship[s] between the person to be bound and a party to the judgment."). Wells Fargo was also the defendant in the 2022 Suit. *See Frank*, 2023 WL 4880785, at *1. This is sufficient to conclude Wells Fargo was the same party or in privity with the defendant in the prior suits.

The second and third requirements for claim preclusion are also met. Final judgments on the merits were entered in the 2018 Suit, the 2020 Suit, and the 2022 Suit. *See* 2018 Suit, No. 4:18-cv-02415, Dkt. 33 (S.D. Tex. Sept. 18, 2019); 2020 Suit, 4:20-cv-00476, Dkt. 16 (S.D. Tex. June 24, 2020); 2022

Suit, 4:22-cv-00065, Dkt. 30 (S.D. Tex. Aug. 29, 2023). The Court had jurisdiction to enter each of those judgments, either based on federal question jurisdiction, 28 U.S.C. § 1331, or diversity jurisdiction, *id.* § 1332.[1]

The last requirement for claim preclusion hinges on a "transactional test" that examines whether the prior and current actions "were based on the same nucleus of operative facts." *Eubanks v. Fed. Deposit Ins. Corp.*, 977 F.2d 166, 171 (5th Cir. 1992) (internal quotation marks omitted). Here, Plaintiffs assert state-law claims for trespass to try title, violation of the Texas Civil Practice and Remedies Code by using fraudulent documents to establish a lien on the Property (governed by Section 12.002), and fraudulent and abusive collection tactics under the Texas Debt Collection Practices Act ("TDCA"). *See* Dkt. 2 at 9-11. The subject and substance of these claims are identical to those in the prior suits. *See Frank*, 2023 WL 4880785, at *5-6 (granting summary judgment on claims under Tex. Civ. Prac. & Rem. Code Ann. § 12.002); *Frank*, 2020 WL 3473716, at *4 (dismissing trespass to try title and TDCA claims as

---

[1] *See* 2018 Suit, No. 4:18-cv-02415, Dkt. 1 at 3 (notice of removal, invoking federal question jurisdiction based on Real Estate Settlement Practices Act claim and supplemental jurisdiction over other state-law claims, 28 U.S.C. §§ 1331, 1367); *Frank*, 2020 WL 3473716, at *1-2 (2020 Suit, denying plaintiff's motion to remand upon finding that federal question jurisdiction exists and exercising supplemental jurisdiction over state-law claims); 2022 Suit, No. 4:22-cv-00065, Dkt. 1 at 3-4 (invoking diversity jurisdiction under 28 U.S.C. § 1332 because plaintiffs were domiciled in Texas and Wells Fargo, as a national banking institution, is a citizen of South Dakota, the location of its main office, and the value of plaintiffs' declaratory relief claim exceeded $75,000).

barred by claim preclusion); *Broussard*, 2019 WL 13254589, at *3-4 (dismissing trespass to try title and TDCA claims).  The record therefore confirms that all requirements for claim preclusion are satisfied, as a matter of law.

## II. **Plaintiffs' stray allegations are conclusory or otherwise fail to provide a basis for injunctive relief.**

The Court observes that Plaintiffs' motions raise a litany of complaints about the course of various proceedings.[2]  Many allegations concern the state-court proceedings both before and after this suit was removed to this Court.[3]  Dkt. 38 ¶¶ 1-11; Dkt. 40 ¶¶ 1-12.  Those issues are not a proper basis for relief here.  Plaintiffs further assert, in conclusory fashion, that Frank-Broussard's former counsel and Wells Fargo's counsel conspired to engage in fraud by continuing the 2022 Suit allegedly without notice to Frank-Broussard.  Dkt. 40 ¶ 9.  That contention is not properly raised in this suit.  In any event, such "[c]onclusory allegations are not sufficient to support a claim for injunctive

---

[2] Frank-Broussard also filed a standalone affidavit lodging a litany of complaints against various Harris County officials, private attorneys, a former federal bankruptcy judge, and a state-court judge.  *See* Dkt. 37.  Those individuals are not parties to this suit, and the complaints have no bearing on Plaintiffs' claims here.

[3] Plaintiffs assert this case was improperly "transferred" here from state court.  *See* Dkt. 38 ¶ 11; Dkt. 40 ¶ 11.  Quite the contrary, federal law authorized Wells Fargo to remove this suit to federal court because Plaintiffs are domiciled in Texas, Wells Fargo is a national banking association and citizen of South Dakota, and the amount in controversy exceeds $75,000.  *See* Dkt. 1 ¶¶ 8-17; 28 U.S.C. §§ 1332; 1441(a), 1446.  Plaintiffs have submitted no evidence contradicting the jurisdictional facts.  And once Wells Fargo filed its notice of removal, the state court was barred from taking further action.  *See Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007) ("[T]he effect of removal is to deprive the state court of an action properly before it.").

11

relief" notwithstanding their inclusion in an affidavit. *See Williams v. Price*, No. 3-01-CV-0400-D, 2001 WL 257931, at *1 (N.D. Tex. Mar. 9, 2001), *adopted by* 2001 WL 332003 (N.D. Tex. Apr. 3, 2001).

Plaintiffs also claim they have not received proper notice of filings in this suit. Dkt. 38 ¶ 14; Dkt. 40 ¶¶ 15-17. The record, however, reflects that Plaintiffs have avoided service, whether by returning items properly sent by first class mail, or by thwarting the U.S. Marshals' attempts to effectuate service. *See, e.g.*, Dkt. 17, 19, 20, 34, 35. Plaintiffs also assert, without factual basis, that someone in the District Clerk's office was "unlawfully directed to intercept Plaintiff's Pleadings ...." Dkt. 40 ¶ 14; *see also* Dkt. 38 ¶ 13. Yet they have not demonstrated that any filing they properly attempted to file is missing on the docket of this case.

More fundamentally, Plaintiffs' complaints about service or filings at most raise issues that are set for hearing on October 13, 2023. *See* Dkt. 39 (noting that one issue to be resolved concerns Wells Fargo's "service of and attempts to serve Plaintiffs with all filings in the case"). That same hearing will further address Wells Fargo's request to classify Plaintiffs as vexatious litigants who should be enjoined from filing future suits concerning the Property. *See id.* For present purposes, however, Plaintiffs' contentions provide no cognizable basis to enjoin Wells Fargo from exercising rights that Plaintiffs unsuccessfully challenged in three prior suits.

In sum, all of Plaintiffs' claims are barred by the resolution of the 2018 Suit, the 2020 Suit, and the 2022 Suit. Because Plaintiffs have not shown otherwise, they have no likelihood of succeeding on the merits. This Court therefore should deny Plaintiffs' requests for a temporary restraining order and injunctive relief.

## Recommendation

For the foregoing reasons, it is **RECOMMENDED** that Plaintiffs' motions for temporary restraining order and preliminary injunction (Dkt. 38, 40) be **DENIED**. Defendant Wells Fargo Bank, N.A.'s combined motion to dismiss Plaintiffs' claims and to impose sanctions for frivolous filings (Dkt. 8) and Defendants' amended counterclaims (Dkt. 33) remain pending.

**The parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.** *Ortiz v. City of San Antonio Fire Dep't*, **806 F.3d 822, 825 (5th Cir. 2015).**

Signed on September 21, 2023, at Houston, Texas.

_____
Yvonne Y. Ho
United States Magistrate Judge