**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| JASMINE BABINEAUX AND YOLANDA FRANK BROUSSARD, *Plaintiffs,* <br><br> v. <br><br> WELLS FARGO BANK, N.A. AS TRUSTEE FOR THE MASTR ASSET BACKED SECURITIES TRUST 2007-NCW MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-NCW, *Defendant.* | CIVIL ACTION NO. 4:23-cv-1563 |

**DEFENDANT/COUNTER-PLAINTIFF WELLS FARGO BANK, N.A. AS TRUSTEE FOR THE MASTR ASSET BACKED SECURITIES TRUST 2007-NCW MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-NCW'S <u>THIRD</u> AMENDED COUNTER-CLAIM AGAINST PLAINTIFFS/COUNTER-DEFENDANTS <u>JASMINE BABINEAUX AND YOLANDA FRANK BROUSSARD</u>**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW Defendant WELLS FARGO BANK, N.A., AS TRUSTEE FOR THE MASTR ASSET BACKED SECURITIES TRUST 2007-NCW MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-NCW ("Movant" or "Defendant"), and files this Second Amended Counterclaim against Plaintiffs/Counter-Defendants YOLANDA FRANK BROUSSARD ("Broussard") and JASMINE BABINEAUX ("Babineaux" and with Broussard, collectively, "Plaintiffs") and, in support hereof, respectfully shows the Court as follows:

**I.**
**PARTIES**

1.      Plaintiffs are citizens and residents of Harris County, Texas.

## II.
## VENUE AND JURISDICTION

2.      This lawsuit and the 2022 lawsuit involving Broussard and Dykeba Frank are Plaintiffs' latest attempts to impede Defendant's contractual and statutory rights in the Property and to take possession of its collateral following default and an otherwise lawful foreclosure sale. Plaintiff have **STOLEN** title to the Property by <u>AGAIN</u> filing fraudulent documents in the Harris County Real Property Records that purport to rescind the foreclosure sale and revert title to Plaintiffs.  Plaintiffs seek to unnecessarily increase the cost of litigation, intentionally cloud title, and delay the mortgagee's efforts to liquidate the Property.

3.      These two lawsuits are the third and fourth lawsuits filed in connection with the Property, after a string of frivolous bankruptcy petitions which resulted in a show cause proceeding wherein the Honorable Jeff Bohm issued a twenty-two (22) page Findings of Fact and Conclusions of Law (the "Opinion") holding Broussard was "not a credible witness" and sanctioning Broussard for forging documents in the bankruptcy proceeding.[1]  In the Opinion, the Bankruptcy Court found that Broussard "willfully abused the judicial process" in an effort to "once again delay a legitimately scheduled foreclosure sale on the Property."[2]  These lawsuits are no different.

4.      After exhausting all avenues to delay an inevitable foreclosure through bad faith bankruptcy filings and failed lawsuits seeking injunctive relief, over three years ago **on February 4, 2020**, Defendant foreclosed.  **Before foreclosure, the mortgage had been in default since December, 2015**.  Plaintiffs now further abuse the judicial system by seeking to delay Defendant's right to lawfully evict Plaintiffs and any other occupants from the Property following the lawful foreclosure.  Plaintiffs AGAIN clouded title and unremorsefully STOLEN

---

[1] *See*, *In re Yolanda Frank Broussard*, Case No. 17-35280, Dkt. No. 50.
[2] *Id*. at p. 18.

title from Defendant by filing fraudulent documents in the Harris County Real Property Records. Plaintiffs and their counsel's acts are egregious and serve no other purpose than to harass and grossly prejudice Defendant.

### III.
### FACTS

5.      This lawsuit and Counterclaim involve the real property located at 6111 Westover Street, Houston, Texas 77033 (the "Property"), being more particularly described as follows:

> **LOT THIRTY-ONE (31), IN BLOCK SEVEN (7), OF BELFORT PARK, SECTION ONE (1), A SUBDIVISION IN HARRIS COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN VOLUME 38, PAGE 18 IN THE MAP RECORDS OF HARRIS COUNTY, TEXAS**

6.      On or about February 22, 2007, Plaintiff Yolanda Frank Broussard executed a Deed of Trust in favor of Mortgage Electronic Registration Systems, Inc. as Nominee for Home123 Corporation (the "Deed of Trust") with respect the Property.[3]   The Deed of Trust secured a promissory note executed by Broussard in the amount of $75,650 (the "Note").[4]   The Deed of Trust was subsequently assigned to Defendant (the "Assignment").[5] Specialized Loan Servicing LLC ("SLS") serviced the mortgage on behalf of Defendant.

7.      Broussard failed to remit monthly payments due under the Note.   The Note remained contractually due for the December 1, 2015 monthly mortgage payment and all monthly installments due thereafter. On January 17, 2016, SLS sent a Notice of Default and Notice of Intent to Accelerate to Broussard informing her of the default and providing an opportunity to cure the default.[6]   Broussard failed to cure the default.

***Plaintiffs' Long History of Abusing the Judicial System to Delay Foreclosure***

---

[3] **Exhibit A**, Deed of Trust.
[4] **Exhibit B**, Note.
[5] **Exhibit C**, Assignment.
[6] **Exhibit D**, Notice of Default.

8.      In an effort to avoid her obligations under the Note, Broussard began a crusade of filing frivolous lawsuits, forging documents in Bankruptcy Court, and recording fraudulent documents in the Harris County Real Property Records purporting to "rescind" the Deed of Trust and more recently, on August 31, 2021, purporting to "rescind" the Substitute Trustee's Deed, Deed of Trust, and Assignment of Deed of Trust.[7]    The August 31, 2021 rescission essentially reverts title back to Yolanda Frank-Broussard free and clear of liens.[8]    Additionally, Broussard executed two different Warranty Deeds conveying the Property to Plaintiff's daughters, Dykeba Shenae Frank and Jasmine Babineaux.[9]    According to Judge Jeff Bohm's Findings of Fact and Conclusions of Law, Frank is Broussard's daughter.[10]    After Brossard executed and recorded the fraudulent rescission of Substitute Trustee's Deed, Deed of Trust, and Assignment (Exhibit P), Dykeba Shenae Frank also executed a Deed conveying the Property to Yolanda Frank's other daughter, Jasmine Babineaux.[11]

9.      On July 4, 2016, Broussard filed Chapter 13 bankruptcy relief under Case No. 16-33360 in United States Bankruptcy Court for the Southern District of Texas – Houston Division in an effort to impede Defendant's foreclosure.    On July 29, 2016, the Bankruptcy Court dismissed Broussard's case after Broussard sought a voluntary dismissal.

10.      Less than two months later, on October 3, 2016, in order to stop a foreclosure sale, Broussard filed for Chapter 13 bankruptcy relief under Case No. 16-34939 in United States Bankruptcy Court for the Southern District of Texas – Houston Division.    On April 20, 2017, Judge Bohm dismissed Broussard's bankruptcy case and entered an order indicating that

---

[7] On September 18, 2019, Hon. David Hittner entered a Default Judgment against Yolanda Frank Broussard and Dykeba Frank finding that the two "Rescission of Fraudulent Deed of Trust and Assignment of Deed of Trust" recorded in the real property records are invalid and of no effect. *See* Dkt. No. 33, Civil Action No. 4:18-cv-02415.
[8] **Exhibit P**, Rescission.
[9] **Exhibit E**, Warranty Deeds.
[10] *See*, *In re Yolanda Frank Broussard*, Case No. 17-35280, Dkt. No. 48.
[11] **Exhibit T**, General Warranty Deed.

Broussard is "not allowed to file another bankruptcy petition unless she is represented by a board-certified bankruptcy attorney."[12]

11.    On July 27, 2017, Defendant posted the Property for the September 5, 2017 foreclosure sale in Harris County, Texas.[13]    Under Case No. 17-35280, the morning of the scheduled foreclosure sale, Broussard filed yet another bankruptcy petition, this time under Chapter 7, in United States Bankruptcy Court for the Southern District of Texas – Houston Division.  Because the Judge Bohm barred Broussard from filing another bankruptcy unless she was represented by a board-certified bankruptcy attorney, Broussard **forged** the signature of a bankruptcy attorney on the bankruptcy petition.  Ironically, Broussard did not forge the signature of <u>a board-certified</u> bankruptcy attorney, but rather an attorney that regularly practices bankruptcy law in the Southern District of Texas.

12.    On October 31, 2017, the bankruptcy court issued an order requiring Broussard to appear and show cause why she should not be sanctioned for her conduct in the Bankruptcy Court. After an evidentiary hearing, Judge Bohm entered his twenty-two (22) page Findings of Fact and Conclusions of Law, finding that Broussard "took this step in order to once again obtain the benefit of the automatic stay so that a **legitimate** foreclosure sale on the Property would be thwarted. [Broussard]'s tactics are egregious and cannot be tolerated," and she "deserves to be sanctioned."[14]

13.    On March 30, 2018, the bankruptcy court dismissed Broussard's fraudulent bankruptcy case and permanently barred Broussard from refiling bankruptcy under any chapter of the Bankruptcy Code, anywhere in the United States, unless she retained a board-certified bankruptcy attorney and through her attorney, requests and receives prior permission from the

---

[12] *See*, *In re Yolanda Frank Broussard*, Case No. 16-34939, Dkt. No. 114.
[13] **Exhibit F**, Notice of September 5, 2017 Sale.
[14] *See*, *In re Yolanda Frank Broussard*, Case No. 17-35280, Dkt. No. 50 (emphasis added).

Bankruptcy Court.   The bankruptcy court likewise imposed monetary sanctions against Broussard for her egregious conduct in "order to deter [Broussard] from future misconduct."[15]

14.    Broussard's misconduct did not stop.  On May 31, 2018, Defendant posted the Property for the July 3, 2018 foreclosure sale in Harris County, Texas.[16] Without any further reprieve available from the Bankruptcy Courts, Plaintiffs turned to filing frivolous lawsuits in state court to further prejudice Defendant's ability to proceed with foreclosure.  On July 2, 2018, Plaintiffs filed suit under Cause No. 2018-44213 against SLS in the 11th Judicial District of Harris County, Texas.[17] The case was styled *Yolanda Frank Broussard and Dykeba Frank v. Specialized Loan Servicing, LLC*.  Having misrepresented facts in her Original Petition, Plaintiffs inappropriately obtained an *ex parte* Temporary Restraining Order preventing Defendant from proceeding with the July 3, 2018 foreclosure sale.

15.    Plaintiffs' first state court lawsuit included causes of action for violations of the Texas Property Code, violations of the Real Estate Settlement Procedures Act ("RESPA"), trespass to try title, quiet title, and violations of the Texas Debt Collection Act ("TDCA"). On July 13, 2018, SLS removed the action to the United States District Court for the Southern District of Texas, Houston Division, under Civil Action No. 4:18-cv-02415. On April 18, 2019, the Honorable David Hittner granted SLS's Motion for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c).[18]

16.    On December 30, 2019, Defendant posted the Property yet again for the February 4, 2020 sale.[19] Defendant's foreclosure counsel likewise served Notice of the February 4, 2020

---

[15] *See id.*
[16] **Exhibit G**, Notice of July 3, 2018 Sale.
[17] **Exhibit H**, Plaintiffs' Original Petition filed July 2, 2018.
[18] **Exhibit I**, Order Granting Motion for Judgment on Pleadings.
[19] **Exhibit J**, Notice of February 4, 2020 Sale.

sale on January 2, 2020 to both Broussard and Frank via certified U.S. mail.[20]  On the eve of the scheduled foreclosure sale, Broussard filed a *pro se* lawsuit under Cause No. 2020-07259 in the 164th Judicial District of Harris County, Texas against SLS.[21]

17.     Broussard's second state court lawsuit was nearly identical to Plaintiffs' first lawsuit adjudicated by Judge Hittner.  Despite seeking entry of a Temporary Restraining Order, the state court did not enter any injunctive relief.  Defendant lawfully foreclosed on the Property as scheduled on February 4, 2020.[22]  Defendant was the highest bidder at the foreclosure sale with its credit bid of $93,141.87.[23]

18.     On February 12, 2020, SLS subsequently removed the second lawsuit to the United States District Court for the Southern District of Texas, Houston Division under Civil Action No. 4:20-cv-00476.  On June 24, 2020, the Honorable Lee H. Rosenthal entered a Memorandum Opinion granting SLS's Motion for Judgment on the Pleadings[24] and subsequently entered a final judgment dismissing Broussard's second lawsuit with prejudice and without leave to amend based on claim preclusion.

***Plaintiffs' Continued Egregious Conduct to Delay Eviction***

19.     Shortly after Defendant lawfully foreclosed, various COVID-19 moratoriums went into effect which effectively prevented Defendant from proceeding with its efforts to evict Plaintiffs and other occupants from the Property. Following expiration of the moratoriums, Defendant secured a judgment for possession from the Harris County Justice of the Peace Precinct 7, Place 1. The justice court subsequently issued a writ of possession that was set to be served on November 8, 2021.

---

[20] **Exhibit K**, Notice of Sale Served on Plaintiffs.
[21] **Exhibit L**, Plaintiff's Original Petition filed February 3, 2020.
[22] **Exhibit M**, Substitute Trustee's Deed.
[23] *Id*.
[24] **Exhibit N**, Memorandum Opinion Granting Motion for Judgment on the Pleadings.

20.     On November 2, 2021, Broussard filed *another* bankruptcy petition under Chapter 13 under Case No. 21-33598 in direct violation of Judge Bohm's permanent prohibition from filing another bankruptcy case without prior approval obtained through a board-certified bankruptcy attorney.  On December 7, 2021, the Bankruptcy Court entered an order summarily striking Broussard's bankruptcy petition.[25]

21.     Although Defendant was prepared to proceed with the lawful writ of possession, Plaintiffs filed the instant frivolous lawsuit on January 4, 2022, in the 80th Judicial District of Harris County, Texas under Cause No. 2022-00332.  Plaintiffs inappropriately obtained an *ex parte* Temporary Restraining Order preventing Defendant from evicting Plaintiffs from the Property.

22.     In order to avoid continued eviction efforts and the day before the scheduled eviction trial, on April 20, 2023, Yolanda Broussard and Jasmine Babineaux filed suit against Wells Fargo in the 270th District Court of Harris County under Cause No. 2023-24436.[26]  Again, these individuals misrepresented facts in their *pro se* pleadings and wrongly obtained a Temporary Restraining Order from ancillary judge Ursula Hall restraining eviction and stopping the eviction trial set for the next day.[27]  Further, Yolanda Frank-Broussard committed perjury in her Affidavit in support of her Application for Temporary Restraining Order by representing under oath that she is "the victim of Identity Theft, deformation *[sic]* of character, harassment, retaliation, deprivation of Civil Rights and Civil Liberties, unofficial Court proceedings, and fraudulent Court Documents related to the Harris County Justice of Peace Precinct 7-1,

---

[25] *See*, *In re Yolanda Frank Broussard*, Case No. 21-33598, Dkt. No. 28.
[26] **Exhibit Q**, Original Petition filed April 20, 2023.
[27] **Exhibit R**, entered Temporary Restraining Order Entered April 20, 2023.

Possession Only Eviction Case, for which I have notified the Court by Sworn Affidavit, to no avail."[28]

23.    Plaintiffs' conduct is undoubtedly vexatious which this Court cannot countenance. Broussard's repeated bankruptcy filings, including a forged bankruptcy petition, and multiple, frivolous lawsuits calculated to stop eviction proceedings, signing and recording fraudulent documents in the Harris County Real Property Records, and fraudulently stealing title to the Property from Defendant among other things have severely prejudiced and financially harmed Defendant.  There is no merit to Plaintiffs' claims, and Plaintiffs' claims are barred by claim preclusion anyway.  Plaintiffs filed these lawsuits and taken these other actions for no other purpose than to harm, prejudice, and harass Defendant and unlawfully impede Defendant from taking possession of its collateral.

## IV.
## CAUSES OF ACTION

## COUNT I - QUIET TITLE AGAINST PLAINTIFFS

24.    Defendant adopts and incorporates herein by reference all prior paragraphs of this Petition as though fully set forth herein.

25.    Quiet title is brought in equity to remove the existence of a cloud on the title.  A suit to quiet title is equitable and allows any person claiming any title, estate, or interest in real property to institute an action against any person or persons having or claiming to have any title, estate, or interest in such property to have the court determine the estate, title, or interest of said parties, respectively, in such real estate, and to define and adjudge by its judgment or decree the title, estate and interest of the parties severally in and to such real estate.  *See e.g., Vernon v. Perrien*, 390 S.W.3d 47, 61 (Tex. App.—El Paso 2012, pet. denied); *Essex Crane Rental Corp.*

---

[28] **Exhibit S**, Plaintiff Yolanda Frank-Broussard's Affidavit in Support of Temporary Restraining Order.

*v. Carter*, 371 S.W.3d 366, 388 (Houston [1st Dist.] 2012, pet. denied); *Longoria v. Lasater*, 292 S.W.3d 156, 165 n.7 (Tex. App.—San Antonio 2009, pet. denied).

26.     Plaintiffs possess no right, title, or interest in and to the Property superior to that of Defendant.  Same is adverse to Defendant's interest in the Property.  A justiciable controversy exists concerning title to the Properties and the nature and extent of Defendant's interest. Defendants have no adequate remedy at law.

27.     Defendant has a specific lien interest in the Property. Plaintiffs' rescission of the Substitute Trustee's Deed is facially deficient and is otherwise void and unenforceable, because a single party lacks the authority to unilaterally rescind the Deed. Further, absent a judicial declaration of the invalidity of the Substitute Trustee's Deed, the instrument remains valid and subsisting. Defendant/Counter-Plaintiff requests this Court find the Rescission void and of no effect, and that the Court enter declaratory relief invalidating the Rescission.

28.     Further, the Warranty Deed from Dykeba Shenae Frank and Lawrence Lee Dupree II to Jasmine Babineaux further clouds title to Defendant's Property, as Dykeba Shenae Frank and Lawrence Lee Dupree II did not have any interest in the Property to convey to Jasmine Babineaux, but for Yolanda Frank Broussard's fraudulent Rescission of the Substitute Trustee's Deed. Defendant/Counter-Plaintiff requests this Court find the Warranty Deed to Jasmine Babineaux and the subsequent Warranty Deed to Yolanda Frank-Broussard void and of no effect, and that the Court enter declaratory relief invalidating the Warranty Deeds.

29.     **WHEREFORE**, Defendant/Counter-Plaintiff prays for judgment quieting title to the Property in Defendant/Counter-Plaintiff's name and for such other and further relief as this Court deems just and necessary.

## COUNT II - TRESPASS TO TRY TITLE AGAINST PLAINTIFFS

30.     Defendant adopts and incorporates herein by reference all prior paragraphs of this Petition as though fully set forth herein.  To maintain an action of trespass to try title, the person bringing the suit must have title to the land sought to be recovered.  *Ramsey v. Grizzle*, 313 S.W.3d 498, 505 (Tex. App.--Texarkana 2010, no pet.).  A plaintiff's right to recover depends on the strength of his or her own title, not the weaknesses of the title of his or her adversary.  In a trespass-to-try-title action, the plaintiff is required to prove his or her title by proving (1) a regular chain of title of conveyances from the sovereign to the plaintiff; (2) a superior title to that of the defendant out of a common source; (3) title by limitations; or (4) prior possession which has not been abandoned. *Teon Mgmt., LLC v. Turquoise Bay Corp*., 357 S.W.3d 719, 728 (Tex. App.--Eastland 2012, no pet. h.).

## COUNT III –REAL ESTATE FRAUD AGAINST DEFENDANTS

31.     Counter-Plaintiff restates and incorporates the foregoing paragraphs as if such were fully set forth herein.

32.     Broussard, in conspiracy with Babineaux, and with the intent to defraud and steal title from Wells Fargo, intentionally, knowingly, and with malice aforethought signed and caused to be recorded the **Rescission of Substitute Trustee's Deed' Deed of Trust and Assignment of Deed of Trust** to cloud title, confuse the public record, and steal title from Wells Fargo, fraudulently release the lien on the Property, and void the Assignment.

33.     Broussard, in conspiracy with Babineaux, further perpetrated the real estate fraud by causing Dykeba Shenae Frank to execute a General Warranty Deed purporting to convey the Property to Babineaux. Broussard, in conspiracy with Babineaux, further perpetrated the real estate fraud by causing Babineaux to execute a General Warranty Deed purporting to convey the

Property back to Broussard. The General Warranty Deed clouds title, confuses the public record, and illegally steals title from Defendant.

34.    Broussard in conspiracy with Babineaux intended on others relying on this recorded documents, and, in fact, the title company relied on this document when it insured title to the Property when Broussard fraudulently conveyed the Property to Babineaux after seemingly reverting fraudulently in her name.

35.    In making these false representations, Broussard and Babineaux knew those representations were materially false.  As a direct and proximate cause of these fraudulent acts, Wells Fargo suffered the following damages:

      a.     Loss of title to the Property.

      b.     Attorneys' fees and other costs associated with defending and prosecuting this lawsuit and Counterclaim.

33.    Counter-Plaintiff seeks an award of punitive damages against Counter-Defendants in the amount of $750,000 because their misrepresentations were intentional, malicious, and outrageous, and an award of punitive damages is necessary to deter these bad actors and others similarly-situated from engaging in such conduct.

**WHEREFORE**, Counter-Plaintiff requests this Court enter judgment in favor of Wells Fargo that EXPUNGES, CANCELS, and VOIDS the fraudulent "Rescission of Substitute Trustee's Deed' Deed of Trust and Assignment of Deed of Trust" recorded August 31, 2021, under Instrument No. RP-2021-498201 which restores the otherwise valid and subsisting Substitute Trustee's Deed conveying title to Counter-Plaintiff. Counter-Plaintiff further requests this Court enter judgment in favor of Wells Fargo that EXPUNGES, CANCELS, and VOIDS the fraudulent "General Warranty Deed" recorded on November 9, 2022 under Instrument No. RP-

2022-544955. Counter-Plaintiff further requests this Court enter judgment in favor of Wells Fargo that EXPUNGES, CANCELS, and VOIDS the fraudulent "General Warranty Deed" recorded on May 10, 2023 under Instrument No. RP-2023-170344. Counter-Plaintiff seeks punitive damages in the amount of $750,000, for Plaintiffs' attorney's fees and costs incurred herein, and for such other and further relief as this Court deems just and proper.

## COUNT IV – STATUTORY FRAUD AGAINST COUNTER-DEFENDANTS

35.    Counter-Plaintiff restates and incorporates the foregoing paragraphs as if such were fully set forth herein.

36.    During the transaction and execution of the fraudulent rescission and General Warranty Deeds, Broussard and Babineaux made false representations of fact for the purpose of stealing title to the Property.

37.    Counter-Plaintiff incurred damage by losing title to the Property in addition to attorneys' fees and costs.

**WHEREFORE**, Counter-Plaintiff requests this Court enter judgment in favor of Wells Fargo that EXPUNGES, CANCELS, and VOIDS the fraudulent "Rescission of Substitute Trustee's Deed' Deed of Trust and Assignment of Deed of Trust" recorded August 31, 2021, under Instrument No. RP-2021-498201 which restores the otherwise valid and subsisting Substitute Trustee's Deed conveying title to Counter-Plaintiff. Counter-Plaintiff further requests this Court enter judgment in favor of Wells Fargo that EXPUNGES, CANCELS, and VOIDS the fraudulent "General Warranty Deed" recorded on November 9, 2022 under Instrument No. RP-2022-544955. Counter-Plaintiff further requests this Court enter judgment in favor of Wells Fargo that EXPUNGES, CANCELS, and VOIDS the fraudulent "General Warranty Deed" recorded on May 10, 2023 under Instrument No. RP-2023-170344. Counter-Plaintiff seeks

punitive damages in the amount of $750,000, for Plaintiffs' attorney's fees and costs incurred herein, and for such other and further relief as this Court deems just and proper.

## COUNT V – COMMON LAW FRAUD AGAINST DEFENDANTS

38.     Counter-Plaintiff restates and incorporates the foregoing paragraphs as if such were fully set forth herein.

39.     Broussard and Babineaux committed common law fraud because they made material misrepresentations upon which others relied.  Counter-Defendants fraudulently recorded the sham **Rescission of Substitute Trustee's Deed' Deed of Trust and Assignment of Deed of Trust** and **General Warranty Deeds** to cloud title, confuse the public record, and steal title from Wells Fargo, fraudulently release the lien on the Property, and void the Assignment.

40.     Broussard and Babineaux intended for others to rely on their misrepresentations. It was in fact relied upon when the title company insured title.

41.     Counter-Plaintiff suffered damages including, without limitation, loss of title to the Property and loss of its lien, attorneys' fees and costs, and other sums within the jurisdictional limits of this Court.

**WHEREFORE**, Counter-Plaintiff requests this Court enter judgment in favor of Wells Fargo that EXPUNGES, CANCELS, and VOIDS the fraudulent "Rescission of Substitute Trustee's Deed' Deed of Trust and Assignment of Deed of Trust" recorded August 31, 2021, under Instrument No. RP-2021-498201 which restores the otherwise valid and subsisting Substitute Trustee's Deed conveying title to Counter-Plaintiff. Counter-Plaintiff further requests this Court enter judgment in favor of Wells Fargo that EXPUNGES, CANCELS, and VOIDS the fraudulent "General Warranty Deed" recorded on November 9, 2022 under Instrument No. RP-2022-544955. Counter-Plaintiff further requests this Court enter judgment in favor of Wells

Fargo that EXPUNGES, CANCELS, and VOIDS the fraudulent "General Warranty Deed" recorded on May 10, 2023 under Instrument No. RP-2023-170344. Counter-Plaintiff seeks punitive damages in the amount of $750,000, for Plaintiffs' attorney's fees and costs incurred herein, and for such other and further relief as this Court deems just and proper.

## <u>COUNT VI – THEFT AGAINST DEFENDANTS</u>

42.    Counter-Plaintiff adopts and incorporates herein by reference the foregoing paragraphs as though fully set forth herein.

43.    Counter-Defendants jointly and severally stole the Property from Counter-Plaintiff by Broussard's execution of the **Rescission of Substitute Trustee's Deed' Deed of Trust and Assignment of Deed of Trust** and **General Warranty Deeds** and recording same in the Harris County Real Property Records.

**WHEREFORE**, Counter-Plaintiff requests this Court return title to the Property to Counter-Plaintiff and enter judgment in favor of Wells Fargo that EXPUNGES, CANCELS, and VOIDS the fraudulent "Rescission of Substitute Trustee's Deed' Deed of Trust and Assignment of Deed of Trust" recorded August 31, 2021, under Instrument No. RP-2021-498201 which restores the otherwise valid and subsisting Substitute Trustee's Deed conveying title to Counter-Plaintiff. Counter-Plaintiff further requests this Court enter judgment in favor of Wells Fargo that EXPUNGES, CANCELS, and VOIDS the fraudulent "General Warranty Deed" recorded on November 9, 2022 under Instrument No. RP-2022-544955. Counter-Plaintiff further requests this Court enter judgment in favor of Wells Fargo that EXPUNGES, CANCELS, and VOIDS the fraudulent "General Warranty Deed" recorded on May 10, 2023 under Instrument No. RP-2023-170344. Counter-Plaintiff seeks punitive damages in the amount of $750,000, for Plaintiffs'

attorney's fees and costs incurred herein, and for such other and further relief as this Court deems just and proper.

## COUNT VII – CONSPIRACY AGAINST DEFENDANTS

44.     Counter-Plaintiff adopts and incorporates herein by reference the foregoing paragraphs as though fully set forth herein.

45.     Counter-Defendants knowingly and intentionally agreed to act in concert against Counter-Plaintiff's interests and in violation of the law as alleged herein, and all Counter-Defendants have taken active and overt steps to that end.  Counter-Plaintiff continues to suffer damages as a result of Counter-Defendants' actions.

## COUNT VIII – PERMANENT INJUNCTION AGAINST DEFENDANTS

46.     Counter-Plaintiff adopts and incorporates herein by reference the foregoing paragraphs as though fully set forth herein.

47.     Broussard, in conspiracy with Babineaux, and with the intent to defraud and steal title from Wells Fargo, intentionally, knowingly, and with malice aforethought signed and caused to be recorded several documents in the real property records of Harris County, Texas, including but not limited to, the **Rescission of Substitute Trustee's Deed' Deed of Trust and Assignment of Deed of Trust and General Warranty Deeds**, to cloud title, confuse the public record, and steal title from Wells Fargo, fraudulently release the lien on the Property, and void the Assignment.

48.     Pursuant to Fed. R. Civ. P. 65, Counter-Plaintiff seeks injunctive relief against Defendants, barring Defendants from recording any documents or causing any documents to be recorded relating to the Property in the real property records of Harris County, Texas on or after February 4, 2020. In connection with the request for a permanent injunction, Counter-Plaintiff

seeks EXPUNGEMENT of all fraudulent documents filed by Defendants to cloud title to the Property on or after February 4, 2020.

49.     Counter-Plaintiff is likely to succeed on a trial on the merits, as Defendants have no lawful interest in the Property and have unsuccessfully filed multiple lawsuits challenging Counter-Plaintiff's ability to foreclose. Injunctive relief is warranted and appropriate to prevent Defendants from further clouding Counter-Plaintiff's title to the Property. Counter-Plaintiff respectfully requests the Court enter Judgment barring Defendants from recording any further documents in the Harris County real property records relating to the Property. Counter-Plaintiff seeks punitive damages in the amount of $750,000, for Plaintiffs' attorney's fees and costs incurred herein, and for such other and further relief as this Court deems just and proper.

**V.**
**ATTORNEY'S FEES AND COSTS**

50.     Counter-Plaintiff adopts and incorporates herein by reference all prior paragraphs of this Petition as though fully set forth herein.

51.     Counter-Plaintiff requests that the Court award reasonable and necessary attorneys' fees and costs in the handling of all matters brought by Yolanda Frank Broussard and Jasmine Babineaux.

**VI.**
**CONDITIONS PRECEDENT**

52.     All conditions precedent to Counter-Plaintiffs' right to recover herein and to Counter-Defendant's liability have been performed or have occurred.

**VII.**
**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Counter-Plaintiff prays that Counter-Defendants answer herein and that the Court (i) EXPUNGE, CANCEL, and VOID the fraudulent

"Rescission of Substitute Trustee's Deed' Deed of Trust and Assignment of Deed of Trust" recorded August 31, 2021, under Instrument No. RP-2021-498201 which restores the otherwise valid and subsisting Substitute Trustee's Deed conveying title to Counter-Plaintiff.  Counter-Plaintiff further requests this Court enter judgment in favor of Wells Fargo that EXPUNGES, CANCELS, and VOIDS the fraudulent "General Warranty Deed" recorded on November 9, 2022 under Instrument No. RP-2022-544955. Counter-Plaintiff further requests this Court enter judgment in favor of Wells Fargo that EXPUNGES, CANCELS, and VOIDS the fraudulent "General Warranty Deed" recorded on May 10, 2023 under Instrument No. RP-2023-170344. Counter-Plaintiff prays the Court enter Judgment enjoining Counter-Defendants from recording any document relating to the Property in the real property records of Harris County, Texas.

Counter-Plaintiff further prays for judgment against Counter-Defendants for all its damages in such amount as the evidence shows to be proper, together with pre-judgment interest and post-judgment interest, exemplary damages, costs of suit, attorneys' fees, and such other and further relief at law, and in equity as is just.

Respectfully submitted,

By:   //s// Branch M. Sheppard
BRANCH M. SHEPPARD
Texas State Bar No. 24033057
bsheppard@gallowaylawfirm.com

OF COUNSEL:
GALLOWAY JOHNSON TOMPKINS BURR & SMITH
A Professional Law Corporation
ANNAROSE M. HARDING
Texas State Bar No. 24071438
aharding@gallowaylawfirm.com
1301 McKinney, Suite 1400
Houston, Texas 77010
(713) 599-0700 (Telephone)
(713) 599-0777 (Facsimile)
**ATTORNEYS FOR COUNTER-PLAINTIFF / DEFENDANT**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing pleading was delivered via First Class, Certified Mail, and email to the following on October 16, 2023.

*<u>VIA E-MAIL</u>*
JASMINE BABINEAUX
5138 DENORON COURT
HOUSTON, TEXAS 77048

*<u>VIA E-MAIL</u>*
YOLANDA FRANK-BROUSSARD
11835 MURR WAY
HOUSTON, TEXAS 77048

  //s// Branch M. Sheppard
Branch M. Sheppard

19