UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JASMINE BABINEAUX and YOLANDA FRANK BROUSSARD,<br>   *Plaintiffs,*<br><br>v.<br><br>WELLS FARGO BANK, N.A., AS TRUSTEE FOR THE MASTR ASSET BACKED SECURITIES TRUST 2007-NCW MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-NCW,<br>   *Defendant.* | CIVIL ACTION NO. 4:23-cv-01563 |

**WELLS FARGO'S MOTION FOR SUMMARY JUDGMENT
PURSUANT TO FED. R. CIV. P. 56**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW Defendant WELLS FARGO BANK, N.A., AS TRUSTEE FOR THE MASTR ASSET BACKED SECURITIES TRUST 2007-NCW MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-NCW ("Wells Fargo" or "Counter-Plaintiff") and files its Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56 against Counter-Defendants Jasmine Babineaux ("Babineaux") and Yolanda Frank Broussard ("Broussard" and with Babineaux, collectively, "Counter-Defendants") and, in support hereof, respectfully shows the Court as follows:

**I.
INTRODUCTION**

1. This lawsuit is Counter-Defendants' latest, bad faith attempt to impede Wells Fargo's contractual and statutory rights to take possession of its collateral following default and an otherwise lawful foreclosure sale, unnecessarily increase the cost of litigation, and delay the

1

mortgagee's efforts to liquidate the Property. This lawsuit is the FOURTH lawsuit filed in connection with the Property, after a string of frivolous bankruptcy petitions which resulted in a show cause proceeding wherein the Honorable Jeff Bohm issued a twenty-two (22) page Findings of Fact and Conclusions of Law holding Broussard was "not a credible witness" and sanctioning Broussard for forging documents in the bankruptcy proceeding. *See*, *In re Yolanda Frank Broussard*, Case No. 17-35280, Dkt. No. 50. In the opinion, the Bankruptcy Court found that Broussard "willfully abused the judicial process" in an effort to "once again delay a legitimately scheduled foreclosure sale on the Property." *Id*. This lawsuit and the prior lawsuits are no different.

2. After exhausting all avenues to delay an inevitable foreclosure through bad faith bankruptcy filings and failed lawsuits seeking injunctive relief, on February 4, 2020, Wells Fargo foreclosed. Counter-Defendants now further prejudice and harass Wells Fargo by recording fraudulent documents in the real property records purporting to unilaterally "rescind" the lawful foreclosure sale. Counter-Defendants' acts are egregious, bad faith, unlawful, and serve no purpose other than to harass and prejudice Wells Fargo and increase fees and costs.

3. Wells Fargo moves for summary judgment on its pending Counterclaim against Counter-Defendants relating to Counter-Defendants' acts of unlawfully stealing title to the Property by filing fraudulent documents in the Harris County Real Property Records that purport to rescind the foreclosure sale and revert title to Counter-Defendants. Wells Fargo further requests the Court to grant a permanent injunction against Counter-Defendants, prohibiting them from recording any further document in the real property records relating to the Property. Summary judgment is appropriate, as there is no genuine issue of material fact with respect to lawful title to the Property.

## II.
## FACTUAL BACKGROUND

4. This lawsuit involves the real property located at 6111 Westover Street, Houston, Texas 77033 (the "Property"), being more particularly described as follows:

**LOT THIRTY-ONE (31), IN BLOCK SEVEN (7), OF BELFORT PARK, SECTION ONE (1), A SUBDIVISION IN HARRIS COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN VOLUME 38, PAGE 18 IN THE MAP RECORDS OF HARRIS COUNTY, TEXAS**

5. In an unscrupulous effort to avoid her obligations under the Note and cause delay, Broussard began a crusade of filing frivolous lawsuits, forging documents in Bankruptcy Court, and recording fraudulent documents in the real property records purporting to "rescind" the Deed of Trust.[1] A more detailed history of Broussard's blatant abuse of the judicial system in an effort to avoid foreclosure is more fully set forth in Wells Fargo's Motion for Sanctions and Motion to Declare Plaintiffs Vexatious Litigants, pending at Docket No. 8. Wells Fargo's summary of Counter-Defendants' vexatious behavior is incorporated by reference as if fully set forth herein.

6. Counter-Defendants challenged Wells Fargo's ability to proceed with foreclosure through multiple lawsuits, all of which were ultimately resolved in favor of Wells Fargo. After exhausting all judicial resources to thwart Defendant's efforts to foreclose, on February 4, 2020, Defendant lawfully foreclosed on the Property.[2] Defendant was the highest bidder at the foreclosure sale with its credit bid of $93,141.87.[3] By virtue of the Trustee's Deed, Carl Meyers, as the appointed Substitute Trustee, conveyed title to the Property to Wells Fargo.[4]

---

[1] On September 18, 2019, Hon. David Hittner entered a Default Judgment against Yolanda Frank Broussard and Dykeba Frank finding that the two "Rescission of Fraudulent Deed of Trust and Assignment of Deed of Trust" recorded in the real property records are invalid and of no effect. *See* Dkt. No. 33, Civil Action No. 4:18-cv-02415.
[2] **Exhibit A**, Certified Copy of Substitute Trustee's Deed.
[3] *Id*.
[4] *Id*.

3

7. Counter-Defendants' vexatious behavior did not stop after the lawful foreclosure sale. On August 31, 2021, Yolanda Frank-Broussard executed and recorded a document titled "Rescissions of Substitute Trustee's Deed; Deed of Trust and Assignment of Deed of Trust" in the real property records of Harris County, Texas.[5] The document absurdly purports to unilaterally "rescind" Wells Fargo's foreclosure. By filing this document, Counter-Defendant illegally stole title to the Property which belongs to Wells Fargo by virtue of the Substitute Trustee's Deed.

8. On November 7, 2022, Dykeba Shenae Frank and Lawrence Lee Dupree II executed a General Warranty Deed purporting to convey title to the Property to Jasmine Babineaux.[6] Relying on the recorded Rescission of Wells Fargo's lawful Substitute Trustee's Deed and the General Warranty Deed conveying title to Jasmine Babineaux, Counter-Defendants were inexplicably able to obtain a title insurance policy to insure the Property.

9. Just days after filing the instant lawsuit, Jasmine Babineaux purported to convey title back to Yolanda Frank-Broussard through another fraudulent General Warranty Deed recorded in the real property records of Harris County, Texas.[7] All of these recordings in the real property records prejudice Wells Fargo and cloud title to the Property. Wells Fargo is entitled to both judgment quieting title to the property and injunctive relief prohibiting Counter-Defendants from further clouding title to the Property. Summary judgment is appropriate.

## II.
## PROCEDURAL HISTORY

10. On or about April 18, 2023, Counter-Defendants filed this suit in state court. The lawsuit is at least the FOURTH filed in connection to the Property. The state court case received

---

[5] **Exhibit B**, Certified Copy of Rescission.
[6] **Exhibit C**, Certified Copy of General Warranty Deed to Jasmine Babineaux.
[7] **Exhibit D**, Certified Copy of General Warranty Deed to Yolanda Frank-Broussard.

Cause No. 2023-24436. On or about April 27, 2023, Wells Fargo removed the case to this Court. [Dkt. No. 1].

11. On October 13, 2023, the Court granted Wells Fargo leave to file its Third Amended Counterclaim against Counter-Defendants. Counter-Defendants failed to file an Answer or any other Response to Wells Fargo's Third Amended Counterclaim.

12. Wells Fargo now moves for summary judgment against Counter-Defendants seeking judgment quieting title to the Property. The Court must grant summary judgment for Wells Fargo, as the documents recorded by Counter-Defendants in the real property records cause Wells Fargo to unlawfully lose title to the Property. Wells Fargo further seeks a permanent injunction against Counter-Defendants for the reasons stated herein.

### III.
### SUMMARY JUDGMENT EVIDENCE

13. In support of its Motion for Summary Judgment, Wells Fargo attaches as Exhibits "A" through "D," inclusive, which are not hearsay; they are admissible, certified copies of documents from the real property records, and Wells Fargo incorporates all of them into this Motion by reference:

| | |
|---|---|
| Exhibit "A" | Certified Copy of Substitute Trustee's Deed |
| Exhibit "B" | Certified Copy of Rescissions of Substitute Trustee's Deed; Deed of Trust and Assignment of Deed of Trust |
| Exhibit "C" | Certified Copy of General Warranty Deed to Jasmine Babineaux |
| Exhibit "D" | Certified Copy of General Warranty Deed to Yolanda Frank-Broussard |

## IV.
## STANDARD OF REVIEW

14. Summary judgment is proper in any case where there is no genuine issue of material fact. *Kee v. City of Rowlett*, 247 F.3d 206, 210 (5th Cir. 2001). A fact is "material" if its resolution in favor of one party might affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). "Factual disputes that are irrelevant or unnecessary will not be counted." *Id*. An issue is "genuine" if the evidence is sufficient for a reasonable jury to return a verdict for the non-moving party. *Id*.

15. If the evidence rebutting the motion for summary judgment is only colorable or not significantly probative, summary judgment should be granted. *Id.* at 249-50; *Shields v. Twiss,* 389 F.3d 142, 149-50 (5th Cir. 2004).

16. Under Rule 56(c) of the Federal Rules of Civil Procedure, the moving party bears the initial burden of "informing the…court of the basis for its motion and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue for trial." *Matsushita Elec. Ind. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586-87, 106 S. Ct. 1348 (1986); *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 163 (5th Cir. 2006).

## V.
## ARGUMENT & AUTHORITIES

**A. WELLS FARGO IS ENTITLED TO JUDGMENT QUIETING TITLE.**

17. A suit to quiet title is an equitable action whose traditional purpose is to remove a cloud from the title of a property created by an invalid claim. *Herrera v. Wells Fargo Bank, N.A.,* Civ. A. H-13-68, 2013 U.S. Dist. LEXIS 33592, 2013 WL 961511 (S.D. Tex. Mar. 12, 2013) (citing *Islamic Ass'n of DeSoto, Texas, Inc. v. Mortgage Electronic Registration Systems, Inc.,* Civ. A. No. 3:12-cv-0613–D, 2013 U.S. Dist. LEXIS 6375, 2012 WL 169229, *6 (N.D. Tex. Jan.

16, 2013)). Plaintiffs bear the burden of proving "as a matter of law, right, title, or ownership in himself with sufficient certainty to enable the court to see that he has a right of ownership and that the alleged adverse claim is a cloud on the title that equity will remove." *Hahn v. Love,* 321 S.W.3d 517, 531 (Tex. App.-Houston [1st Dist.] 2009). The plaintiff must recover "on the strength of his or her title, not the weakness of this adversary's." *Reardean v. CitiMortgage, Inc.*, No. A-11-CA-420-SS, 2011 WL 3268307, at *5 (W.D. Tex. July 25, 2011).

18.  The elements of a suit to quiet title are (i) plaintiff has an interest in a specific property; (ii) title to the property is affected by a claim by the defendant; and (iii) the defendant's claim, though facially valid, is invalid or unenforceable. *Vernon v. Perrien*, 390 S.W.3d 47, 61 (Tex. App.—El Paso 2012, pet. denied); *Essex Crane Rental Corp. v. Carter*, 371 S.W.3d 366, 387-88 (Tex. App.—Houston [1st Dist.] 2012, pet. denied).

19.  Wells Fargo satisfies each and every element entitling it to judgment quieting title to the Property. First, Wells Fargo has an interest in the Property by virtue of the Substitute Trustee's Deed.[8] Second, title to the Property is affected by a claim by Counter-Defendants, specifically the purported Rescission of Wells Fargo's Trustee's Deed and subsequent warranty deeds.[9] Third, Counter-Defendants' purported claims are invalid and unenforceable.

20.  Simply put, Yolanda Frank-Broussard did not have the authority to unilaterally rescind the February 4, 2020 foreclosure sale. Allowing a borrower to unilaterally rescind a foreclosure sale would compromise the very purpose of a nonjudicial foreclosure sale, which is to provide the lender the ability to enforce the power of sale upon default under the terms of the loan documents. Rather, under the Texas Property Code, only the mortgagee, trustee, or substitute trustee has the requisite authority to unilaterally rescind a nonjudicial foreclosure sale

---

[8] *See* Ex. A.
[9] *See* Exs. B-D, respectively.

not later than the 15th calendar day after the date of a foreclosure sale. *See* Tex. Prop. Code § 51.016(b). Beyond the 15-day unilateral rescission deadline proscribed by the Texas Property Code, any rescission of a sale requires either the agreement of the affected parties or a suit to rescind a sale. Tex. Prop. Code § 51.016(m). Glaringly missing from the purported Rescission of the Substitute Trustee's Deed is the agreement of Wells Fargo as the mortgagee. Broussard's actions amount to intentional theft and real estate fraud.

21. Defendant rightfully and lawfully foreclosed on the defaulted mortgage despite Counter-Defendants' attempt at judicial gamesmanship to thwart the foreclosure sale. Counter-Defendants' act of recording an alleged rescission of the trustee's sale circumvents applicable law and any logical reasoning. This Court must grant Wells Fargo judgment finding the "Rescissions of Substitute Trustee's Deed; Deed of Trust and Assignment of Deed of Trust," the General Warranty Deed to Jasmine Babineaux, and the General Warranty Deed to Yolanda Frank-Broussard invalid and of no effect.

### B. WELLS FARGO IS ENTITLED TO PERMANENT INJUNCTIVE RELIEF AGAINST COUNTER-DEFENDANTS.

22. A party seeking a permanent injunction must demonstrate (i) that it has suffered an irreparable injury; (ii) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (iii) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (iv) that the public interest would not be disserved by a permanent injunction. *Abraham v. Alpha Chi Omega*, 708 F.3d 614, 627 (5th Cir. 2013) (citing *eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 391, 126 S.Ct. 1837, 164 L.Ed.2d 641)). The decision to grant or deny permanent injunctive relief is an act of equitable discretion by the district court, reviewable on appeal for abuse of discretion. *Id.*

23. Wells Fargo also satisfies every element entitling it to injunctive relief. First, it has suffered an irreparable injury through its loss of title to the Property. There are no adequate remedies available at law to compensate for that injury, as monetary damages are generally not an adequate remedy for lost property rights. *See Opulent Life Church v. City of Holly Springs*, 697 F.3d 279, 297 (5th Cir. 2012) (deprivation of interest in real property constitutes irreparable harm).

24. An equitable remedy is undoubtedly warranted. Counter-Defendants have harassed and prejudiced Wells Fargo with fraudulent documents in the real property records to cloud title and protracted and frivolous litigation and bankruptcy filings for over seven years. Counter-Defendants' vexatious behavior has forced Wells Fargo to incur thousands of dollars in reasonable and necessary attorneys' fees in its defense of Counter-Defendants' proven meritless claims and allegations. Now, Counter-Defendants further prejudice and harass Wells Fargo by stealing title to the Property following a lawful foreclosure sale. There is no threat that any public interest would be disserved by a permanent injunction under these circumstances.

25. Wells Fargo is entitled to injunctive relief prohibiting Counter-Defendants from recording any further documents in the real property records relating to the Property. Counter-Defendants have **no** lawful or valid interest in the Property. Further, Counter-Defendants have shown a blatant disregard for the judicial process, and if injunctive relief is not issued, Counter-Defendants will continue recording fraudulent documents in an effort to steal Wells Fargo's title to the Property. In fact, Yolanda Frank-Broussard has previously recorded *two* purported "rescissions" of the Deed of Trust, which the Honorable David Hittner found to be invalid and of no effect. *See* Dkt. No. 33, Civil Action No. 4:18-cv-02415. It is clear Counter-Defendants have no respect for judicial authority.

26.     Wells Fargo should not be required to incur fees and costs and waste judicial resources seeking to invalidate each and every fraudulent document Counter-Defendants record in the real property records relating to the Property.  Because title is clouded, no title insurance company will insure title, and Wells Fargo has effectively been deprived of selling its Property following the foreclosure sale based solely on the recordings by Counter-Defendants.  This has caused Wells Fargo to incur additional carrying costs, insurance, and property taxes that it otherwise would not have incurred but for Counter-Defendants' unlawful, fraudulent, criminal, and vexatious acts.  The Court should grant a permanent injunction prohibiting Counter-Defendants from recording any document in the real property records relating to the Property.  Further, the Court should enter judgment that any document recorded by Counter-Defendants (or any person acting on behalf of or in concert with Counter-Defendants) following February 4, 2020 is invalid, improper, expunged, and of no effect.

## VII.
## CONCLUSION

27.     Based on the foregoing, Wells Fargo is entitled to judgment quieting title to the Property and expunging the fraudulent documents. This Court should also grant a permanent injunction against Counter-Defendants prohibiting them from further clouding title to the Property by recording fraudulent documents in the real property records.

## VIII.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant WELLS FARGO BANK, N.A., AS TRUSTEE FOR THE MASTR ASSET BACKED SECURITIES TRUST 2007-NCW MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-NCW respectfully requests that the Court (i) grant Defendant's Motion for Summary Judgment, (ii) award Defendant its

reasonable and necessary attorneys' fees and costs payable by Counter-Defendants, and (iii) award Defendant such other and further relief at law, and in equity, as is just.

                                              Respectfully submitted,

                                              _//s// Branch M. Sheppard_____
                                              BRANCH M. SHEPPARD
                                              Texas State Bar No. 24033057
                                              bsheppard@gallowaylawfirm.com

OF COUNSEL:

GALLOWAY JOHNSON TOMPKINS BURR & SMITH
A Professional Law Corporation

ANNAROSE M. HARDING
Texas State Bar No. 24071438
aharding@gallowaylawfirm.com
1301 McKinney, Suite 1400
Houston, Texas 77010
(713) 599-0700 (Telephone)
(713) 599-0777 (Facsimile)
**ATTORNEYS FOR COUNTER-PLAINTIFF**

## CERTIFICATE OF SERVICE

     I hereby certify that a true and correct copy of the foregoing pleading was delivered via First Class, Certified Mail, and email to the following on November 15, 2023.

***VIA FIRST CLASS MAIL, E-MAIL, and***
***CERTIFIED MAIL*** *(Tracking No. 9171 9690 0935 0297 7457 80)*
JASMINE BABINEAUX
5138 DENORON COURT
HOUSTON, TEXAS 77048

***VIA FIRST CLASS MAIL, E-MAIL, and***
***CERTIFIED MAIL*** *(Tracking No. 9171 9690 0935 0297 7457 97)*
YOLANDA FRANK-BROUSSARD
11835 MURR WAY
HOUSTON, TEXAS 77048

                                              _//s// Branch M. Sheppard_____
                                              Branch M. Sheppard